No. 346
BALT. & OHIO RY. v. TUSTISON
Ohio Appeals, 8th Dist., Cuyahoga County
Decided Feb. 11, 1924

355. DAMAGES — Verdict reduced from $30,000 to $20,000 for injuries to brakeman earning $200 per month and after injuries about $75 per month, affirmed on review.

991. RAILROADS—Brakeman does not assume extraordinary risk of sagging of freight car in passing pillars at freight house.

CHITTENDEN, J. (sitting).

This case pending in Supreme Court, on motion to certify. For summary, see 2 Abs. 163.
Epitomized Opinion
Published Only in Ohio Law Abstract

Action was brought by Tustison in the Common Pleas Court under the Federal Employers' Liabilities Act for damages arising from alleged injuries sustained by him as a brakeman or switchman engaged in interstate commerce.

Tustison was working in or about a freight house. Several tracks ran parallel to the un-

## STATE COURT OF APPEALS—Continued

loading platform of the freight house, some of which were covered by an overhead structure. The overhead structure was supported by steel pillars at various points between the tracks. Tustison in coupling cars was caught between one of the cars and one of the steel pillars.

The evidence disclosed that Tustison had been employed in and about the freight house from May 1st to July 14th and that he was familiar with the tracks and knew of the posts supporting the viaduct. At the time of the accident, it was either dark or partially dark in the viaduct where Tustison was working, and there were no artificial lights in or along the tracks.

The evidence disclosed that the car which caught Tustison's body against the post was six or seven inches wider than an ordinary car and that one end of the car sagged toward the side where Tustison stood. The evidence further disclosed that Tustison was twenty-four years of age when injured, that he received about $200 a month with a prospective increase of wages and that at the time of the trial he was able to earn only $75 per month.

Verdict was rendered for Tustison for $30,-000, which was reduced by the trial judge to $20,000, the court expressly finding that although excessive, the verdict was not found through passion or prejudice.

It was contended in the Court of Appeals, on behalf of the Railroad Co., that even though Tustison was injured, it was without fault on its part for the reason that he assumed such extraordinary risks as would be obvious or would be fully known or appreciated by him, and further contended that the verdict is excessive and the result of passion and prejudice. Held:

1. Under the circumstances, it cannot be said that Tustison knew or appreciated the extraordinary risk of the sagging of the car to such an extent that the roof scraped along and came in contact with the pillar against which he was standing, and that, therefore, it became a question of fast for the jury:

2. The trial court although having found that the verdict for $30,000 was excessive, having reduced the amount of the verdict to $20,000 and having further found that the verdict was not rendered by the jury through passion or prejudice, the judgment of Common Pleas will be affirmed.

Attorneys—Tolles, Hogsett, Ginn & Morley, for the Ry. Co.; Payer, Winch, Minshall & Karch, for Tustison, all of Cleveland.